UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RAFAEL A. JONES,                )
                                )
        Plaintiff,               )
                                )
    v.                           )   No. 4:09-CV-0075-TIA
                                )
JOYCE SERRA,                    )
                                )
        Defendant.               )

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Rafael A. Jones for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the completed application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v.

Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### The complaint

Plaintiff, a resident at the St. Louis Psychiatric Rehabilitation Center, seeks monetary relief in this action against defendant Joyce Serra (nurse). Plaintiff alleges that Serra committed medical malpractice when she gave plaintiff Haldol, rather than pain medication, which is what he had asked for.

Plaintiff brings this action against defendant in her official capacity. See Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995)(where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity

2

that employs the official, in this case the State of Missouri. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." Id. As such, the complaint is legally frivolous as to defendant Joyce Serra.

Moreover, to state a claim for medical mistreatment, a plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also Alberson v. Norris, 458 F.3d 762, 765 (8th Cir. 2006)(disagreement with treatment decisions does not rise to level of constitutional violation; to establish deliberate indifference, plaintiff must show more than even gross negligence). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. Id. In the instant case, plaintiff's allegations, at most, amount to negligence which simply is not cognizable as a constitutional violation. As a result, the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel [Doc. #3] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue

process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 9th day of July, 2009.


                                      /s/ Jean C. Hamilton
                                      **UNITED STATES DISTRICT JUDGE**